# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHRIS PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1090-JDT-cgc |
| | ) | |
| KENNY RICH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING CASE WITHOUT PREJUDICE, AND ASSESSING $400 CIVIL FILING FEE

---

On April 20, 2020, Chris Payne, an inmate at the Gibson County Correctional Complex (GCCC) in Trenton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). Plaintiff's motion, however, was not accompanied by a certified copy of his prison trust account statement for the last six months, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order directing Plaintiff to submit the required information or pay the entire $400 civil filing fee within 30 days. (ECF No. 4.) Plaintiff was warned that if he failed to comply with the order in a timely manner the Court would "deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id.* at PageID 13.)

Plaintiff has not complied with or responded in any manner to the Court's prior order, and the time for compliance has expired. Therefore, the motion for leave to proceed *in forma pauperis*

is DENIED, and this case is hereby DISMISSED without prejudice in its entirety, pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk of this Court.  If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full.  The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

2

since the last payment under this order and file it with the Clerk along with the payment.  All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Room 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order.  If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiff's prison.  The Clerk is further ORDERED to forward a copy of this order to the GCCC Administrator to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3